UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MALCOLM R.L. MELVIN, III, #22320-171,

    Petitioner,

v.                                       ACTION NO. 2:18cv523

BUREAU OF PRISONS,

    Respondent.

## REPORT & RECOMMENDATION FOR DISMISSAL

This matter was initiated by a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") submitted by Malcolm R.L. Melvin, III ("Petitioner"). ECF No. 1. As the *pro se* Petitioner had not paid the requisite $5.00 filing fee nor had he been granted leave to proceed *in forma pauperis*, the Petitioner's Petition was conditionally filed. *See* ECF No. 4. On October 16, 2018, this matter was referred to the undersigned for further proceeding by Order of the U.S. District Judge ("Referral Order") pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(A) and (B). ECF No. 2. For the reasons stated in this Report, the undersigned **RECOMMENDS** the Petitioner's Petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

The Petitioner challenges the disciplinary proceedings of July 5, 2018, August 2, 2018, and August 10, 2018, which resulted in penalties including 150 days disciplinary segregation, eighteen months email loss, and twenty-seven months phone loss. ECF No. 1 at 2. Petitioner alleges there was insufficient evidence and that he was denied due process. *Id.* at 6-8. Petitioner requests that the Court overturn the sanctions and expunge the related incident report from Petitioner's prison file. *Id.* at 8.

Federal law requires that a habeas petitioner pay a filing fee of $5.00 or submit an affidavit requesting to proceed *in forma pauperis*. By Order dated February 5, 2019 ("Order"), Petitioner was advised that the failure to provide the Clerk of the Court with either the requisite $5.00 filing fee or an "Affidavit in Support of Request to Proceed *in Forma Pauperis*" would result in submission to a United States District Judge for recommended dismissal without prejudice. ECF No. 4. A copy of the Order was mailed to Petitioner at MCFP Springfield, 1900 W. Sunshine St., Springfield, MO 65807. *Id.* This address was acquired via the Bureau of Prisons Inmate Locator after the Referral Order was returned as "Refused. Unable to forward." *Id.* (quoting ECF No. 3). The Order, mailed to this updated address, was not returned to this Court.[1]

Neither a filing fee nor a statement demonstrating the Petitioner's inability to pay the required fee was received by the deadline date of March 5, 2019. Time for receipt of said filing fee or information has expired, and Petitioner has not moved for an extension of time to comply with the Court's Order. Because Petitioner has not accomplished any of the actions directed in the Order, nor has he responded in any way to the Order, the undersigned **RECOMMENDS** that the Petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

By receiving a copy of this Report and Recommendation, the Petitioner is notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.  Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendation within fourteen days from the date of mailing of this Report to the objecting party, 28 U.S.C. §636(b)(1)(C), computed pursuant to Rule 6(a) of the

---

[1] Petitioner filed the Petition while he was housed at FCC Petersburg. *See* ECF No. 1. According to the Bureau of Prisons Inmate Locator, Petitioner was moved to Springfield MFCP, and as such, the Court mailed a copy of the Order and a duplicate copy of the Referral Order to Petitioner at Springfield MFCP. *See* ECF No. 4 at 2. However, Petitioner was advised in the Order "that he must immediately advise the Court of his new address in the event he is transferred, released, or otherwise relocated while this action is pending," and that failure to do so could result in dismissal of this action. *Id.* at 1 (internal quotation marks omitted).

Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

    2.    A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The Petitioner is further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to mail a copy of this Report and Recommendation to the Petitioner at MCFP Springfield, 1900 W. Sunshine St., Springfield, MO 65807.

Norfolk, Virginia  
June 27, 2019

/s/  
Lawrence R. Leonard  
United States Magistrate Judge  
LAWRENCE R. LEONARD  
UNITED STATES MAGISTRATE JUDGE